# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# San Francisco Division

UNITED STATES OF AMERICA FUTSAL FEDERAL,

Plaintiff,

v.

USA FUTSAL LLC,

Defendant.

Case No. 17-cv-04206-LB

**ORDER REGARDING MOTION FOR DEFAULT JUDGMENT**

The court has further thoughts about the damages landscape and asks for the plaintiff's input. The court first summarizes some of the law relevant to the damages assessment.

As discussed at the last hearing, under Fed. R. Civ. P. 54(c), the pleadings control the relief that the court can award in a default judgment. More specifically, after entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff is required to prove all damages sought in the complaint. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court is not required to make detailed findings of fact. *Fair Housing of Marin*, 285 F.3d at 906. A plaintiff's burden in "proving up" damages is relatively lenient. But if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they

will not be established by default. *Sprint Nextel Corp. v. Ngo*, No. 12-cv-02764-CW, 2014 WL 869486, at *2 (N.D. Cal. Mar. 3, 2014) (citing *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Moreover, default judgment cannot exceed in amount what is demanded in the pleadings. Fed. R. Civ. P. 54(c). The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against him so that he may make a calculated decision as to whether or not it is in his best interest to answer. *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *4 (N.D. Cal. June 17, 2009).

In some kinds of cases, a complaint gives fair notice of damages even if they are not reduced to a specific number. For example, in ERISA actions involving collectively bargained employee-benefits plans, the collective-bargaining representative and trustees of the plans sue employers for delinquent contributions. The complaints often identify damages by reference to specific time periods and seek damages for additional delinquent contributions through the date of judgment. Courts hold that the complaints give fair notice of the claimed damages. *See, e.g.*, *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3-5 (N.D. Cal. June 17, 2009).

Here, the complaint asks for general damages, and damages need to be established. At the last hearing, the model of statutory damages was discussed. But the complaint itself does not reference them. The court's modest research suggests that the plaintiff needs to identify statutory damages in the complaint specifically and then support any claim for damages that exceed the minimum statutory damages. *See Broadcast Music, Inc. v. Spring Mountain Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Penn. 2008) (courts may award the minimum damages for violation of a statute without conducting a default-judgment hearing; if the complaint seeks more than the statutory minimum, plaintiffs generally are required to produce evidence supporting the damages sought).

Also, the plaintiff apparently did not serve the supplemental brief on the defaulting defendant. Normally notice of a motion for default judgment is not required if a defendant has not formally

appeared in the case. Fed. R. Civ. P. 55(b). It can be under certain circumstances. *In Re Roxford Foods, Inc.*, 12 F.3d 875, 880 (9th Cir. 1993). And here, the plaintiff served the motion for default judgment. (Dkt. Entry 15-7.) Under the circumstances, the court thinks that serving the supplemental brief is appropriate.

Given that ultimately, the court will issue a report and recommendation, and the case will be reassigned to a district judge, the safest path probably is amending the complaint to put the defendant on notice of the statutory damages that the plaintiff seeks. That will require serving the amended complaint, asking the clerk to enter default (in the event of default), and then renewing the motion for default. Amending and serving the complaint is a modest effort (given the need to serve the supplemental briefing anyway). A renewed motion for entry of default is a rejiggering of an earlier request. And the plaintiff then could re-notice the motion for default judgment by a one-page notice incorporating by reference the earlier-filed documents, supplementing the filings with any additional information needed to support a claim to statutory damages that exceed the statutory minimum, noticing the motion under the ordinary five-week schedule for any available Thursday at 9:30 a.m. on the court's regular motions calendar, and serving the defendant.

To the court, this seems the cleanest approach, but it may not be the only one. The court thus solicits the plaintiff's input and ask for that input by April 5, 2018. To avoid losing track of the case, the court sets the matter for further proceedings on its April 19, 2018 motions calendar at 9:30 a.m. If the plaintiff decides to amend the complaint, the court will continue the April 19 date to allow that process.

**IT IS SO ORDERED.**

Dated: April 2, 2018

_____
LAUREL BEELER
United States Magistrate Judge